UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.:

_____

BRIAN STROMAN,

       Plaintiff,

   -against-

NEW YORK CITY POLICE DEPARTMENT and THE CITY OF
NEW YORK, SGT BOLIVAR A ROSARIOADAMES, P.O. ANN
GUERRIER, P.O. MICHAEL NUZZO, P.O. ADAM PHILLIPS,
P.O. STEVEN KLAMBATSEN, P.O. BEST, SGT LEONID
KIZHNERMAN, "JOHN DOE" and "JANE DOE", fictitious
names to represent the identities personnel involved with the arrest
and/or investigation and/or prosecution from the New York City
Police Department and/or the City of New York,

       Defendants.

**COMPLAINT AND
DEMAND FOR <u>JURY
TRIAL</u>**

_____

   Plaintiff, BRIAN STROMAN, by his attorneys, SACCO & FILLAS, LLP, as and for his

Complaint against the Defendants, NEW YORK CITY POLICE DEPARTMENT and THE CITY

OF NEW YORK, SGT BOLIVAR A ROSARIOADAMES, P.O. ANN GUERRIER, P.O.

MICHAEL NUZZO, P.O. ADAM PHILLIPS, P.O. STEVEN KLAMBATSEN, P.O. BEST, SGT

LEONID KIZHNERMAN, "JOHN DOE" and "JANE DOE", fictitious names to represent the

identities personnel involved with the arrest and/or investigation and/or prosecution from the New

York City Police Department and/or the City of New York, upon information and belief, as follows:

<u>**NATURE OF ACTION**</u>

1. This is an action for personal injuries sustained by the Plaintiff, BRIAN STROMAN, when on

  January 31, 2025 at approximately 12:30 p.m. a motor vehicle (2002 Toyota with New York

  license plate number THXMOM) owned and operated by Michelle Roper struck the person of

  the Plaintiff while the Plaintiff was directing traffic while in the course of his employment

  while standing on President Street adjacent to 499 President Street in the County of Kings,

City and State of New York. Approximately ten minutes later agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York arrived at the accident scene and advised the Plaintiff that Michelle Roper had denied that her motor vehicle came into contact with the person of the Plaintiff and instead told them that the Plaintiff had assault/battered her by punching her person. At all times herein, the Plaintiff denied making any contact with the person of Michelle Roper. Plaintiff advised the agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York that his supervisor had a surveillance video that depicted the events and also that Crusader Candle Company Inc. located at 325 Nevins Street, Brooklyn, New York 11215 also had a surveillance video that depicted the events that transpired. At all times the Plaintiff maintained his innocence but the agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York told the Plaintiff they had no interest in viewing any of the surveillance videos and instead arrested the Plaintiff at approximately 12:58 p.m. BRIAN STROMAN was wrongfully arrested, wrongfully detained, falsely and wrongfully arrested, harassed, illegally searched and wrongfully and falsely imprisoned by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York from the 78th Precinct at or near 499 President Street in the County of Kings, City and State of New York. The arrest number is K25607067 and CJTN 71022251K. Plaintiff was handcuffed and placed in a motor vehicle by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York. This vehicle was owned, operated and maintained by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York. Plaintiff was inside this vehicle for approximately fifteen

minutes. He was then taken to the 78th Precinct where he was fingerprinted, photographed and had his cellular phone and wallet confiscated and searched. Approximately three to four hours later he was for the first time read Miranda rights. Plaintiff was then videotaped without an attorney present or being able to consult with an attorney prior to the video. Before midnight he was taken from the 78th Precinct to Central Booking. He was then held overnight at Central Booking and finally appeared before a judge at approximately 1:00 p.m. on February 1, 2025. At approximately 1:30 p.m. he was released. During the entire time he was confined/detained by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York the Plaintiff maintained his innocence and denied ever making contact with the person of Michelle Roper and continuously advised them of the surveillance tapes that exonerated him and depicted the events. New York City Police Department/City of New York never had probable cause. An arrest warrant issued for the Plaintiff without probable reason or cause. Plaintiff had his person, wallet and cell phone illegally and improperly searched and confiscated/seized on January 31, 2025, by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York. Defendants were negligent in the hiring, training, supervision and retention of their agents, servants, personnel, representatives and/or employees. Defendants had actual and constructive notice of vicious propensities, erratic behavior, failure to follow correct police protocol and failure to follow the patrolman's guide of their agents, servants, personnel, representatives and/or employees. Defendants caused and created the above events hiring, training, supervision and retention of their agents, servants, personnel, representatives and/or employees and permitting their agents, servants, personnel, representatives and/or employees to remain on active duty and file false sworn statements/affidavits/warrants with no probable cause. their

SACCO & FILLAS, LLP

agents, servants, personnel, representatives and/or employees. Defendants maintained illegal quotas with arrests and prosecutions. Defendants have maliciously prosecuted an action against Plaintiff despite video footage, witness statements and other evidence demonstrating Plaintiff's innocence. Appearances have been scheduled in Kings County Criminal Court on case number CR-005183-25KN on February 1 2025, March 19, 2025, August 1, 2025, August 29, 2025, October 21, 2025, January 15, 2026, January 26, 2026 and March 13, 2026. The appearance on March 13, 2026 is for trial in Part TP3. Plaintiff was charged with PL 120.00 001 one count assault 3 with intent to cause physical injury count 2, PL 110-120.00 01 one count assault 3 with intent to cause physical injury count 3 and PL 240.26 01 one count harassment 2nd physical contact count 4. Plaintiff plead not guilty to all three charges. Upon information and belief, SGT BOLIVAR A ROSARIOADAMES, P.O. ANN GUERRIER, P.O. MICHAEL NUZZO, P.O. ADAM PHILLIPS, P.O. STEVEN KLAMBATSEN, P.O. BEST and SGT LEONID KIZHNERMAN, "JOHN DOE" and "JANE DOE" were involved with Plaintiff's arrest and/or the investigation of the facts and circumstances leading to his arrest, confinement, detainment and malicious prosecution.

Consequently, as a result of Michelle Roper's motor vehicle coming into contact with the person of the Plaintiff, the Plaintiff was caused to suffer personal injuries which are believed to be permanent in nature. Plaintiff first treated at Mount Sinai Morningside on February 23, 2025 where he was treated and released. He had X-rays of the right hand and right wrist that revealed: "No acute fracture or dislocation. Chronic appearing fracture deformity at the base of the fifth metacarpal, acute on chronic injury not excluded, consider further evaluation with additional imaging as clinically warranted. Carpal alignment is preserved. The joint spaces are preserved with some scattered degenerative changes, most pronounced at the fifth CMC joint,

SACCO & FILLAS, LLP

probably posttraumatic. No significant soft tissue swelling appreciated." He then had treatment at Midtown DHD Medical, P.C. with Thomas S. Mathew, M.D. Dr. Matthew treated the Plaintiff for injuries to include but not limited to right thumb and cervical spine and noted the Plaintiff sustained right thumb internal derangement. Plaintiff had an MRI of his right thumb on May 14, 2025 at Lenox Hill Radiology that confirmed an intermediate grade tear of the proximal attachment of the radial collateral ligament at the 1st metacarpophangeal joint and low-grade partial tear at the proximal attachment of the ulnar collateral ligament at the 1st metacarpophangeal joint. Plaintiff also had an MRI of the cervical spine at Lenox Hill Radiology that revealed C2-C3 disc bulge with thecal sac impingement, C3-C4 disc bulge and left foraminal herniation with thecal sac impingement, bilateral foraminal impingement more prominent left than right, C5-C6 broad-based disc herniation with annular tear and thecal sac impingement and bilateral foraminal impingement, C6-C7 broad-based disc herniation with thecal sac impingement lateral foraminal impingement, and straightening of the cervical lordosis indicative of muscle spasm. Dr. Mathew also noted the reported intermittent paresthesias in the right upper extremities and multilevel cervical disc bulges and herniations. The Plaintiff received physical therapy for injuries to his cervical spine and right thumb and reported significant right thumb discomfort due to pain and swelling at its base. The Defendants' actions have caused injuries to the Plaintiff to include but not limited to anxiety, depression, mental pain and anguish, severe emotional trauma, emotional distress, embarrassment and humiliation.

## THE PARTIES

2. The Plaintiff, BRIAN STROMAN, at all times herein mentioned was and still is a resident of the County of New York, City of New York and State of New York.

3. At all times herein mentioned, Defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

4. At all times herein mentioned, Defendant, NEW YORK CITY POLICE DEPARTMENT, was and still is a public agency of the municipality THE CITY OF NEW YORK, created, organized, and existing under and by virtue of the laws of the State of New York.

5. At all times herein mentioned, Defendant, NEW YORK CITY POLICE DEPARTMENT, was and still is a mayoral agency of the municipality THE CITY OF NEW YORK, created, organized, and existing under and by virtue of the laws of the State of New York.

6. Upon information and belief, Defendant, SGT BOLIVAR A ROSARIOADAMES, at all times herein mentioned was and still is a resident of the State of New York.

7. Upon information and belief, Defendant, P.O. ANN GUERRIER, at all times herein mentioned was and still is a resident of the State of New York.

8. Upon information and belief, Defendant, P.O. MICHAEL NUZZO, at all times herein mentioned was and still is a resident of the State of New York.

9. Upon information and belief, Defendant, P.O. ADAM PHILLIPS, at all times herein mentioned was and still is a resident of the State of New York.

10. Upon information and belief, Defendant, P.O. STEVEN KLAMBATSEN, at all times herein mentioned was and still is a resident of the State of New York.

11. Upon information and belief, Defendant, P.O. BEST, at all times herein mentioned was and still is a resident of the State of New York.

12. Upon information and belief, Defendant, SGT LEONID KIZHNERMAN, at all times herein mentioned was and still is a resident of the State of New York.

SACCO & FILLAS, LLP

13. Upon information and belief, Defendant, "JOHN DOE", at all times herein mentioned was and still is a resident of the State of New York.

14. Upon information and belief, Defendant, "JANE DOE", at all times herein mentioned was and still is a resident of the State of New York.

15. Defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, employed Defendants, SGT BOLIVAR A ROSARIOADAMES, P.O. ANN GUERRIER, P.O. MICHAEL NUZZO, P.O. ADAM PHILLIPS, P.O. STEVEN KLAMBATSEN, P.O. BEST and SGT LEONID KIZHNERMAN, "JOHN DOE" and "JANE DOE", fictitious names to represent the identities of the arresting and/or investigative personnel of the New York City Police Department and/or the City of New York (herein after "PARTICIPATING OFFICERS") who were herein duly employed and acting as a New York City Police Officer or other ranking officer of the City of New York in the State of New York.

16. Defendants, PARTICIPATING OFFICERS, were herein duly employed and acting as a New York City Police Officer or other ranking officer of the City of New York in the State of New York.

17. At all times herein mentioned, Defendants, PARTICIPATING OFFICERS, were employees, agents, servants and/or representatives of the Defendants, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, and were at all times herein acting within the furtherance and scope of their employment with the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

18. At all times herein mentioned, Defendant, "JOHN DOE", was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

19. At all times herein mentioned, Defendant, "JANE DOE", was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

20. At all times herein mentioned, Defendant, "JOHN DOE", was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK

21. At all times herein mentioned, Defendant, "JANE DOE", was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK

22. At all times herein mentioned, Defendant, SGT BOLIVAR A ROSARIOADAMES, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

23. At all times herein mentioned, Defendant, P.O. ANN GUERRIER, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

24. At all times herein mentioned, Defendant, SGT BOLIVAR A ROSARIOADAMES, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

25. At all times herein mentioned, Defendant, P.O. ANN GUERRIER, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

26. At all times herein mentioned, Defendant, P.O. MICHAEL NUZZO, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

27. At all times herein mentioned, Defendant, P.O. ADAM PHILLIPS, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

28. At all times herein mentioned, Defendant, P.O. MICHAEL NUZZO, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

29. At all times herein mentioned, Defendant, P.O. ADAM PHILLIPS, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

SACCO & FILLAS, LLP

30. At all times herein mentioned, Defendant, P.O. STEVEN KLAMBATSEN, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

31. At all times herein mentioned, Defendant, P.O. BEST, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

32. At all times herein mentioned, Defendant, P.O. STEVEN KLAMBATSEN, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

33. At all times herein mentioned, Defendant, P.O. BEST, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

34. At all times herein mentioned, Defendant, SGT LEONID KIZHNERMAN, was an agent, servant, employee and/or representative of the NEW YORK CITY POLICE DEPARTMENT.

35. At all times herein mentioned, Defendant, SGT LEONID KIZHNERMAN, was an agent, servant, employee and/or representative of Defendant, THE CITY OF NEW YORK.

36. This action also exists within the one year statute of limitations for commencing suits which exists within the State of New York for intentional tort.

### JURISDICTION AND VENUE

37. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1349 in that Plaintiff is bringing claims related to deprivation of rights, privileges, or immunities secured by the U.S. Constitution and federal civil rights laws, including 42 U.S.C 1983.

38. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action arose in the Eastern District of New York.

SACCO & FILLAS, LLP

39. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

40. Venue is founded upon 28 U.S.C. §1391.

## GENERAL ALLEGATIONS

## AS AND FOR A FIRST CAUSE OF ACTION

41. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was wrongfully arrested.

42. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was wrongfully arrested, falsely imprisoned, handcuffed, shackled, harassed, illegally searched, and wrongfully detained.

43. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was wrongfully photographed, fingerprinted, booked, searched and was held in custody and confined up to and until his release.

44. At all times herein mentioned, Defendants, PARTICIPATING OFFICERS, were employees, agents, servants and/or representatives of the Defendants, THE CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT, and were at all times herein acting within the furtherance and scope of their employment with the CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

45. Defendants intentionally and deliberately inflicted emotional distress on the Plaintiff, BRIAN STROMAN, by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff, BRIAN STROMAN's, constitutional rights, or by falsely arresting and imprisoning the Plaintiff, by conspiring against Plaintiff, BRIAN STROMAN, or by interfering with the Plaintiff's state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of

their conduct.

46. As a result of the Defendants' extreme and outrageous conduct, Plaintiff, BRIAN STROMAN, has suffered and will continue to suffer severe personal injury, mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

47. Defendants, NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, is liable and responsible for all of those acts committed by Defendants, PARTICIPATING OFFICERS, in accordance with the doctrine of *respondeat superior.* Defendants, NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, expressly and implicitly condoned all of the actions of Defendants, PARTICIPATING OFFICERS, as set forth herein and hereinafter.

48. Defendants, NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, is liable and responsible for all of those acts committed by the Defendants, PARTICIPATING OFFICERS, in accordance with the doctrine of *respondeat superior.* Defendants, NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, expressly and implicitly condoned all of the actions of Defendants, PARTICIPATING OFFICERS, as set forth herein and hereinafter.

49. Each and all of the acts of the Defendants alleged herein were done by Defendants and each of them, both as individuals and under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, City of New York and under the authority of their office as Police Officers for New York City.

50. That the foregoing conduct of Defendants, PARTICIPATING OFFICERS, occurred with the supervision, permission, consent, authorization, and acceptance of agents, servants, employees or officers of Defendants, THE CITY OF NEW YORK and NEW YORK CITY

SACCO & FILLAS, LLP

POLICE DEPARTMENT.

51. That the foregoing was caused solely by the negligence, carelessness, and recklessness of the conduct of the Defendants without any negligence on the part of Plaintiff contributing thereto.

52. That as a result of the foregoing, Plaintiff, BRIAN STROMAN, is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

**AND AS FOR A SECOND CAUSE OF ACTION – VIOLATION OF 42 U.S.C. §1983**

53. That on or about January 31, 2025, BRIAN STROMAN, on January 31, 2025 at approximately 12:30 p.m. a motor vehicle (2002 Toyota with New York license plate number THXMOM) owned and operated by Michelle Roper struck the person of the Plaintiff while the Plaintiff was directing traffic while in the course of his employment while standing on President Street adjacent to 499 President Street in the County of Kings, City and State of New York. Approximately ten minutes later agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York arrived at the accident scene and advised the Plaintiff that Michelle Roper had denied that her motor vehicle came into contact with the person of the Plaintiff and instead told them that the Plaintiff had assault/battered her by punching her person. At all times herein, the Plaintiff denied making any contact with the person of Michelle Roper. Plaintiff advised the agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York that his supervisor had a surveillance video that depicted the events and also that Crusader Candle Company Inc. located at 325 Nevins Street, Brooklyn, New York 11215 also had a surveillance video that depicted the events that transpired. At all times the Plaintiff

SACCO & FILLAS, LLP

maintained his innocence but the agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York told the Plaintiff they had no interest in viewing any of the surveillance videos and instead arrested the Plaintiff at approximately 12:58 p.m. BRIAN STROMAN was wrongfully arrested, wrongfully detained, falsely and wrongfully arrested, harassed, illegally searched and wrongfully and falsely imprisoned by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York from the 78th Precinct at or near 499 President Street in the County of Kings, City and State of New York. The arrest number is K25607067 and CJTN 71022251K. Plaintiff was handcuffed and placed in a motor vehicle by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York. This vehicle was owned, operated and maintained by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York. Plaintiff was inside this vehicle for approximately fifteen minutes. He was then taken to the 78th Precinct where he was fingerprinted, photographed and had his cellular phone and wallet confiscated and searched. Approximately three to four hours later he was for the first time read Miranda rights. Plaintiff was then videotaped without an attorney present or being able to consult with an attorney prior to the video. Before midnight he was taken from the 78th Precinct to Central Booking. He was then held overnight at Central Booking and finally appeared before a judge at approximately 1:00 p.m. on February 1, 2025. At approximately 1:30 p.m. he was released. During the entire time he was confined/detained by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York the Plaintiff maintained his innocence and denied ever making contact with the person of Michelle Roper and continuously advised them of the surveillance

tapes that exonerated him and depicted the events. New York City Police Department/City of New York never had probable cause. An arrest warrant issued for the Plaintiff without probable reason or cause. Plaintiff had his person, wallet and cell phone illegally and improperly searched and confiscated/seized on January 31, 2025, by agents, servants, personnel, representatives and/or employees of the New York City Police Department/City of New York.

54. He was forcibly, violently and unlawfully arrested using force in excess of what was necessary to affect an arrest.

55. He was thereafter improperly and unlawfully detained/arrested without cause by the Defendants. BRIAN STROMAN.

56. That on or about January 31, 2025, BRIAN STROMAN was wrongfully arrested.

57. That on or about January 31, 2025, BRIAN STROMAN was wrongfully detained.

58. That on or about January 31, 2025, BRIAN STROMAN was wrongfully arrested, falsely imprisoned, handcuffed, shackled, harassed, assaulted, battered, illegally searched, and wrongfully detained.

59. That on or about January 31, 2025, BRIAN STROMAN was wrongfully photographed, fingerprinted, booked, searched, and was held in custody and confined up to and until his release.

60. On or about January 31, 2025, BRIAN STROMAN was forcibly, violently and unlawfully searched and handcuffed in a demeaning manner being assaulted and battered in front of the public and threatened by the Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS.

SACCO & FILLAS, LLP

61. Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and PARTICIPATING OFFICERS, were abusive toward BRIAN STROMAN without cause and justification.

62. All of the acts and omissions by Defendants, PARTICIPATING OFFICERS, described above were carried out pursuant to overlapping policies and practices of the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which were in existence at the time of the conduct alleged herein and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of Defendants THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

63. During all the times herein, the Defendants, PARTICIPATING OFFICERS, and each of them, separately and in concert, acted under the color of law and statutes, ordinances, regulations, customs, and usages of THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT.

64. Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, by their policy-making agents, servants and employees, authorized sanctioned, or ratified the individual Defendants' wrongful acts, or failed to prevent or stop those acts, or allowed those acts to continue.

65. The actions and conduct described herein by the Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT constituted and demonstrates an official unconstitutional policy and custom of abuse and misconduct by THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, constituted a continuing pattern of abuse and misconduct by THE CITY OF NEW YORK and NEW YORK CITY POLICE

SACCO & FILLAS, LLP

DEPARTMENT and said misconduct and official unconstitutional policy caused Plaintiff to be subjected to and deprived his constitutional rights.

66. Defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT adopted or promulgated a formal and informal policy and thereafter, through its officials and employees, including Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, caused the violation of Plaintiff's constitutional rights.

67. That the unlawful practice by subordinate officials such as Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT was well-settled and constituted a custom or usage.

68. Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, have grossly failed to train and adequately supervise it's police officers in the fundamental law of arrest, prosecution, leveling of charges, search, and seizure especially when it's police officers are not in possession of a court authorized arrest warrant and that its police officers should only use reasonable force to effectuate an arrest and the arrest and prosecution should be based upon probable cause.

69. That as a result of the aforesaid occurrence, BRIAN STROMAN, was caused to, and did sustain, injuries to his person and body.

70. The direct and proximate results of the Defendants' acts are that Plaintiff suffered severe and permanent injuries of a psychological nature. He was forced to endure pain and suffering to his detriment.

71. By reason of the foregoing, BRIAN STROMAN, was injured and damaged sustained severe nervous shock and mental anguish, great physical pain and emotional upset.

72. As a result of the foregoing, BRIAN STROMAN, was caused to suffer a violation of his civil rights, negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, assault, battery, false detention, false imprisonment, false arrest, malicious prosecution and damage to his reputation and standing within his community pursuant to 42 U.S.C. 1983.

73. Plaintiff is entitled to attorneys' fee pursuant to 42 U.S.C. § 1983.

74. That as a result of the foregoing, BRIAN STROMAN, is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION – ASSAULT

75. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was a lawful pedestrian in the vicinity of Nevins Street and Union Street, in the County of Kings, City and State of New York.

76. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was arrested and during the affecting of said arrest was unreasonably harassed, assaulted, and battered in a degree unnecessary and unreasonable to affect same arrest.

77. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was wrongfully photographed, fingerprinted, booked, searched, and was held in custody and confined up to and until his release.

78. Defendants, PARTICIPATING OFFICERS, engaged in acts that were intentional and made with malice all against the Plaintiff, BRIAN STROMAN.

79. At all times herein, Plaintiff, BRIAN STROMAN, was aware of the Defendants' actions, and Plaintiff, was aware of the fear and threat of the imminent offensive violent contact and violent assault.

80. As a result of the foregoing, the acts of the Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and PARTICIPATING OFFICERS, and other arresting officers, and other agents, servants and/or employees of Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, Plaintiff, BRIAN STROMAN, was caused to suffer injuries, violation of civil rights, negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

### AS AND FOR A FOURTH CAUSE OF ACTION - BATTERY

81. That on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was wrongfully photographed, fingerprinted, booked, searched and was held in custody and confined up to and until his release.

82. On or about January 31, 2025, Plaintiff, BRIAN STROMAN, was forcibly, violently and unlawfully searched and handcuffed in a demeaning manner being assaulted and battered in front of the public and threatened by the Defendants, PARTICIPATING OFFICERS.

83. On or about January 31, 2025, Defendants, PARTICIPATING OFFICERS, wrongfully placed their hands on Plaintiff, BRIAN STROMAN, wrongfully handcuffed Plaintiff, BRIAN STROMAN, wrongfully physically contacting and assaulting Plaintiff, BRIAN STROMAN, who was in imminent fear of violent contact.

84. That at the aforesaid time and place the Defendants, PARTICIPATING OFFICERS, did batter the Plaintiff, BRIAN STROMAN, by subjecting him to offensive bodily contact and conducting an improper, unnecessary and illegal and search of Plaintiff.

85. Plaintiff, BRIAN STROMAN, never consented to said contact, nor was said contact justified or privileged.

86. The aforesaid battery by the Defendants, PARTICIPATING OFFICERS, upon Plaintiff, BRIAN STROMAN, was made intentionally and with malice, all against Plaintiff, BRIAN STROMAN's will, and Plaintiff, BRIAN STROMAN, was fully aware of said battery.

87. The contact between Plaintiff, BRIAN STROMAN, and Defendants, PARTICIPATING OFFICERS, was offensive in nature.

88. As a result of the foregoing, the acts of the Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and PARTICIPATING OFFICERS, the arresting officers, and other agents, servants and/or employees of Defendant, Plaintiff, BRIAN STROMAN, was caused to suffer injuries, violation of civil rights, negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## AS AND FOR A FIFTH CAUSE OF ACTION – EXCESSIVE FORCE

89. On or about January 31, 2025, Defendants, PARTICIPATING OFFICERS, wrongfully placed their hands on Plaintiff, BRIAN STROMAN, wrongfully handcuffed Plaintiff, BRIAN STROMAN, wrongfully physically contacting and assaulting Plaintiff, BRIAN STROMAN, who was in imminent fear of violent contact.

90. That at the aforesaid time and place the Defendants, PARTICIPATING OFFICERS, did assault and batter the Plaintiff, BRIAN STROMAN.

91. The contact between the Plaintiff, BRIAN STROMAN, and Defendants, PARTICIPATING OFFICERS, was unreasonable and excessive in nature.

92. The contact between the Plaintiff, BRIAN STROMAN, and Defendants, PARTICIPATING OFFICERS, was disproportionate in relation to the amount needed, if any, to affect the arrest

Plaintiff, BRIAN STROMAN, regardless of whether any arrest was supported by probable cause.

93. As a result of the foregoing acts of the Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS, the arresting officers, and other agents, servants and/or employees of Defendant, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, Plaintiff was caused to suffer physical injury, violation of civil rights, negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

94. Each Defendant is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

95. Plaintiff, BRIAN STROMAN, is a "person aggrieved" as defined in N.Y.C. Admin. Code § 8-801.

96. Defendants violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from excessive force and unreasonable searches and seizures when they used force that was not objectively reasonable in light of the facts and circumstances.

97. Defendants failed to intervene in each other's unlawful actions.

98. As the employer of Defendants, PARTICIPATING OFFICERS, Defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, are liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-801 through 8-808.

99. As a result of the foregoing acts of the arresting officers, and other agents, servants, representatives and employees of Defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, Plaintiff, BRIAN STROMAN, was caused to suffer personal injuries, violation of civil rights, negligent and intentional infliction of physical

SACCO & FILLAS, LLP

injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## AS AND FOR A SIXTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

100. That on or about January 31, 2025, the Plaintiff, BRIAN STROMAN, was wrongfully photographed, fingerprinted, booked, searched and was held in custody and confined up to and until his release.

101. On or about January 31, 2025, the Plaintiff, BRIAN STROMAN, was forcibly, violently and unlawfully searched and handcuffed in a demeaning manner being assaulted and battered in front of the public and threatened by the Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS.

102. On or about January 31, 2025, Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS, wrongfully placed their hands on Plaintiff, BRIAN STROMAN, wrongfully handcuffed Plaintiff, BRIAN STROMAN, wrongfully physically contacting and assaulting Plaintiff, BRIAN STROMAN, who was in imminent fear of violent contact.

103. Defendants intentionally and deliberately inflicted emotional distress on the Plaintiff, BRIAN STROMAN, by maliciously prosecuting Plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiff, BRIAN STROMAN's constitutional rights, or by falsely arresting and imprisoning Plaintiff, by conspiring against Plaintiff, BRIAN STROMAN, or by interfering with Plaintiff, BRIAN STROMAN, state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

SACCO & FILLAS, LLP

104.    Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

105.    The actions of Defendants were the cause of Plaintiff, BRIAN STROMAN's, distress.

106.    Plaintiff, BRIAN STROMAN, is a reasonable individual.

107.    The emotional distress sustained by Plaintiff, BRIAN STROMAN, was severe and of a nature that no reasonable individual could be expected to endure.

108.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff, BRIAN STROMAN, was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion.

109.    As a result of the Defendants' extreme and outrageous conduct, Plaintiff, BRIAN STROMAN, has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

## AS AND FOR AN SEVENTH CAUSE OF ACTION – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

110.    Defendants, PARTICIPATING OFFICERS, breached a duty of care owed to the Plaintiff, BRIAN STROMAN.

111.    Defendants, PARTICIPATING OFFICERS, intended to cause or disregarded a substantial probability of causing severe emotional distress to the Plaintiff, BRIAN STROMAN.

112.    Defendants, PARTICIPATING OFFICERS, breach of the aforementioned duty caused severe emotional distress to the Plaintiff, BRIAN STROMAN.

113.    As a result of the foregoing acts of Defendants, PARTICIPATING OFFICERS, Plaintiff, BRIAN STROMAN, was caused to suffer personal injuries, violation of civil rights,

SACCO & FILLAS, LLP

negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## AS AND FOR AN EIGHTH CAUSE OF ACTION – FALSE ARREST UNDER N.YC. ADMIN. CODE § 8-801 ET SEQ.

114.     Defendants, PARTICIPATING OFFICERS, are a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

115.     Plaintiff, BRIAN STROMAN, is a "person aggrieved" as defined in N.Y.C. Admin. Code § 8-801.

116.     Defendants violated Plaintiff's rights under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and continuing the confinement of Plaintiff without any privilege to do so.

117.     Defendants violated Plaintiff's rights under N.Y.C. Admin. Code § 8-802, to be free from excessive force during an arrest, regardless of whether probable cause exists to do so.

118.     Probable cause did not exist to arrest Plaintiff, BRIAN STROMAN, for any crime, nor as Plaintiff conducting himself in a manner which was likely to result in serious harm to himself or others.

119.     Plaintiff, BRIAN STROMAN, was conscious of his confinement and did not consent to it.

120.     As certain members as referenced to herein PARTICIPATING OFFICERS engaged in unlawful conduct under N.Y.C. Admin. Code §§ 8-801 and 8-808 other certain participants named as PARTICIPATING OFFICERS failed to intervene in each other's unlawful actions.

121.     The precise role of each of those referenced herein as PARTICIPATING OFFICERS who participated in the violations under N.Y.C. Admin. Code §§ 8-801 and 8-808 is not yet

SACCO & FILLAS, LLP

known, but upon information and belief all are named Defendants and collectively referenced as PARTICIPATING OFFICERS.

122.    As the employer of the Defendants, Defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, are liable for their wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-801 and 8-808.

123.    As a result of the foregoing acts of the arresting officers, and other agents, servants and/or employees of Defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, Plaintiff was caused to suffer personal injuries, violation of civil rights, negligent and intentional infliction of physical injury, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## AS AND FOR A NINTH CAUSE OF ACTION – INTENTIONAL ACTS

124.    That said incident and resulting injuries to Plaintiff, BRIAN STROMAN, were caused solely as a result of the unintentional consequence of an intentional act on the part of the arresting officer(s), without any culpable conduct on the part of Plaintiff, BRIAN STROMAN, contributing thereto.

## AS AND FOR AN TENTH CAUSE OF ACTION – WRONGFUL ARREST

125.    Specifically, that on or about January 31, 2025, Plaintiff, BRIAN STROMAN, was wrongfully arrested.

126.    The charges were lodged against Plaintiff, BRIAN STROMAN, without probable cause or justification, and were designed to harass and intimidate the Plaintiff, BRIAN STROMAN, to cause the  Plaintiff to expend great sums of money for his defense, to

SACCO & FILLAS, LLP

embarrass the Plaintiff in the community, and among his friends and relatives, and to subject Plaintiff to as possible term of imprisonment.

127.    By reason the wrongful arrest, Plaintiff, BRIAN STROMAN, was deprived of his liberty and was subjected to scorn and ridicule. Plaintiff, BRIAN STROMAN, suffered pain and distress of mind and body and sustained significant emotional pain and suffering. Plaintiff, BRIAN STROMAN, suffered shock and embarrassment. Plaintiff, BRIAN STROMAN, was arrested, detained, fingerprinted, photographed, and was required to spend large sums of money to defend himself against the prosecution in the Criminal Court of Kings County, and in the proceeding before the State. Plaintiff, BRIAN STROMAN, suffered losses and was degraded in the esteem of the community.

128.    By the acts and/or omissions described herein, Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS falsely and intentionally arrested Plaintiff without a warrant, probable cause, just cause, provocation, exigent circumstances, or other lawful reason.

129.    The arrest of the Plaintiff was objectively unreasonable and in violation of Plaintiff's Constitutional rights.

130.    Plaintiff was aware of his arrest and confinement as described herein, he did not consent to his arrest and confinement, and his arrest and confinement was not privileged by any law or authority.

131.    By the acts and/or omissions described herein, Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS, violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitutions of the United States of America and State of New York.

SACCO & FILLAS, LLP

132.    As a direct and proximate result of the foregoing, Plaintiff sustained injuries to his physical, mental, and emotional well-being, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, humiliation, shame, indignity, damage to reputation, loss of income, and was otherwise damaged and injured.

133.    This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

134.    The above acts constituted negligent, reckless, wanton misconduct, and were willfully and maliciously directed against Plaintiff.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION – FALSE IMPRISONMENT**

135.    By the acts and/or omissions described herein, Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, and PARTICIPATING OFFICERS, falsely and intentionally imprisoned Plaintiff, BRIAN STROMAN, without a warrant, probable cause, just cause, provocation, exigent circumstances, or lawful reason.

136.    The imprisonment of Plaintiff, BRIAN STROMAN, was objectively unreasonable and in violation of Plaintiff's Constitutional rights.

137.    Plaintiff, BRIAN STROMAN, was aware of his imprisonment as described herein, he did not consent to his imprisonment, and his imprisonment was not privileged by any law or authority.

138.    By the acts and/or omissions described herein, Defendants, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS, violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

SACCO & FILLAS, LLP

139.     As a direct and proximate result of the foregoing, Plaintiff, BRIAN STROMAN, sustained injuries to his physical, mental, and emotional well-being, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, humiliation, shame, indignity, damage to reputation, loss of income, and was otherwise damaged and injured.

140.     Due to the reckless, malicious, willful, wanton, and intentional nature of the foregoing and the need to deter such conduct in the future, Plaintiff is entitled to exemplary and/or punitive damages against the Defendants.

## AS AND FOR A TWELFTH CAUSE OF ACTION – ABUSE OF PROCESS

141.     Defendants herein, THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT and PARTICIPATING OFFICERS, wrongfully and maliciously and with ulterior intent to injure Plaintiff, prosecuted a criminal action against the Plaintiff, BRIAN STROMAN, by perverting legal operations of law.

142.     By reason of the foregoing abuse of process, Plaintiff, BRIAN STROMAN, was deprived of his liberty, suffered pain and distress of mind and body and sustained significant emotional pain and suffering and was compelled to employ an attorney.

143.     The above acts constituted reckless, wanton misconduct and were willfully and maliciously directed against Plaintiff, BRIAN STROMAN.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION – MALICIOUS PROSECUTION

144. Plaintiff, incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

145. The Defendants, CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, are liable for their wrongful acts of PARTICIPATING OFFICERS, commenced or continued a criminal proceeding against the Plaintiff without probable cause

SACCO & FILLAS, LLP

and in order to cover the wrongful acts of these Defendants that they arrested the Plaintiff who was an innocent bystander/victim to the underlying events.

146. The criminal proceeding commenced against the Plaintiff by Defendants was terminated in favor of the Plaintiff.

147. The criminal proceeding commenced and continued against the Plaintiff by Defendants was without probable cause in that the allegations against the Plaintiff were patently false and without any foundation such as proof of ownership by a witness alleging theft, and it was clear that the Plaintiff was an innocent bystander to the underlying events in question.

148. Defendants acted with actual malice in that the proceeding was initiated and continued to cover the wrongful acts of these Defendants and the criminal action was filed with a purpose other than adjudicating a criminal claim, and to cover up the fact that the Plaintiff was a mere innocent bystander/victim to the underlying events.

149. That as a result of the aforesaid occurrence Plaintiff was caused to and did sustain severe, serious and protracted injuries to his person and body, including psychological damage and damages to his ability to pursue his career in security.

150. Due to actions of the Defendants, Plaintiff is entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction

## AS AND FOR A FOURTEENTH CAUSE OF ACTION – NEGLIGENT HIRING AND RETENTION

151.    That said incident and resulting injuries were caused by the negligence of Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, in the hiring and retention of Defendants, PARTICIPATING OFFICERS, and, in the supervision and retention of the same.

152. That Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, had actual and constructive notice of the agents', servants', employees', or officers of Defendant, THE CITY OF NEW YORK, including but not limited to and PARTICIPATING OFFICERS, prior vicious behavior and erratic propensities.

153. That said incident and resulting injuries were caused by the negligence of Defendants, THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, in the hiring of its police officers, candidates and in the supervision, training, and retention of Police Officers and Sergeants, including but not limited to each and every of the Defendants, PARTICIPATING OFFICERS.

154. That as a result of the aforesaid occurrence, Plaintiff, BRIAN STROMAN, was caused to and did sustain severe, serious and protracted injuries to his person and body.

155. Due to the foregoing dangerous and hazardous conditions, Plaintiff, BRIAN STROMAN, who was then and there rightfully and legally, was caused to sustain serious and permanent physical and psychological injuries.

156. Solely as a result of the Defendants' negligence, carelessness and recklessness the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

157. The aforesaid occurrence was caused by the negligence of the Defendants, without any culpable conduct on the part of the Plaintiff.

158. This action falls within one or more of the exceptions set forth in Section 1602 of the New York Civil Practice Law and Rules.

159. Due to Defendants' negligence, Plaintiff is entitled to damages.

160. By reason of the foregoing, the Defendants are liable to the Plaintiff, BRIAN

STROMAN, for the sum of THREE MILLION DOLLARS ($3,000,000.00).

## JURY DEMAND

161.    The Plaintiff seeks this matter to be tried before a jury.

**WHEREFORE,** Plaintiff demands judgment against the Defendants in the sum of THREE MILLION DOLLARS ($3,000,000.00) date and continuing, altogether with the costs and disbursements of this action, and with interest from the date of the accident.

Dated: Astoria, New York
       January 29, 2026

Respectfully submitted,

SACCO & FILLAS, LLP
*Attorney(s) for the Plaintiff*
By: Albert R. Matuza, Jr. (3252)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 269-2244
Our File No.: 35252-25

SACCO & FILLAS, LLP

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK       )

*Kings*    ss.:

COUNTY OF QUEENS    con.   )

      Brian J. Stroman, being duly sworn, says:

      I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

_____

Brian J. Stroman

Sworn to before me this

30ᵀᴴ day of January 2026

_____

Notary Public

CARMEN E VIERA
Notary Public - State of New York
NO. 01VI6275364
Qualified in Kings County
My Commission Expires 01-28-2029

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Index No.:

**ATTORNEY'S**
**VERIFICATION**

BRIAN STROMAN,

Plaintiff,

-against-

NEW YORK CITY POLICE DEPARTMENT and THE CITY OF
NEW YORK, SGT BOLIVAR A ROSARIOADAMES, P.O.
ANN GUERRIER, P.O. MICHAEL NUZZO, P.O. ADAM
PHILLIPS, P.O. STEVEN KLAMBATSEN, P.O. BEST, SGT
LEONID KIZHNERMAN, "JOHN DOE" and "JANE DOE",
fictitious names to represent the identities personnel involved with
the arrest and/or investigation and/or prosecution from the New
York City Police Department and/or the City of New York,

Defendants.

_____

    Albert R. Matuza, Jr., Esq., an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

    I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the Plaintiff.

    I have read the foregoing Summons and Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

    This verification is made by affirmant and not by Plaintiff because he is not in the County of Queens, which is the County where your affirmant maintains offices.

    The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said Plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
       January 29, 2026

_____
Albert R. Matuza, Jr., Esq.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Docket No.:

BRIAN STROMAN,

               Plaintiff,

     -against-

NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK, SGT BOLIVAR A ROSARIOADAMES, P.O. ANN GUERRIER, P.O. MICHAEL NUZZO, P.O. ADAM PHILLIPS, P.O. STEVEN KLAMBATSEN, P.O. BEST, SGT LEONID KIZHNERMAN, "JOHN DOE" and "JANE DOE", fictitious names to represent the identities personnel involved with the arrest and/or investigation and/or prosecution from the New York City Police Department and/or the City of New York,

               Defendants.

## CIVIL COVER SHEET, SUMMONS, COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: Astoria, New York
       January 29, 2026

Signature:

By: Albert R. Matuza, Jr., Esq.

**SACCO & FILLAS, LLP**
Attorneys for Plaintiff
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
(718) 746-3440

SACCO & FILLAS, LLP